J-S74040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER STAPLES | : | No. 1945 EDA 2017 |

Appeal from the Order May 31, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005677-2014

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 09, 2019**

The Commonwealth appeals from the order granting the motion to suppress filed by Christopher Stables. The Commonwealth alleges that the police officer had probable cause to stop Staples' vehicle when Staples failed to use a turn signal while turning from a parking lot onto a roadway. We affirm the trial court's order granting Staples' motion to suppress.

Following an April 27, 2014 traffic stop, Staples was charged with driving under the influence of alcohol ("DUI")-general impairment, DUI-highest rate of alcohol, and required position and method of turning (Right Turn).[1] He filed

---

[1] 75 Pa.C.S.A. §§ 3802(A)(1), 3802(c), and 3331, respectively. Although charged with improper right turn in violation of 75 Pa.C.S.A. § 3331, the parties and the court agreed that Staples was stopped for failure to use a turn signal in violation of 75 Pa.C.S.A. § 3334.

a motion to suppress, arguing the police officer lacked probable cause to stop the vehicle. The trial court held a hearing on the motion.

Ridley Township Police Officer Shawn McGee testified.[2] On April 27, 2014, Officer McGee observed a silver BMW convertible make a right turn from a parking lot onto West MacDade Boulevard without using a turn signal. N.T., 8/25/14, at 6. Officer McGee stopped the vehicle based on the failure to use the turn signal. *Id.* Officer McGee identified the driver of the BMW as Staples. *Id.* at 9-7. Officer McGee observed Staples exhibit signs of intoxication, including inexplicable laughter, difficulty maintaining composure, difficulty following instructions, and inability to answer simple questions. *Id.* at 7, 31. In addition, Officer McGee detected a strong odor of alcohol and slurred speech, and Staples failed field sobriety tests. *Id.* at 7-8, 31.

On May 31, 2017, the trial court granted the motion to suppress, finding that Officer McGee lacked probable cause to stop Staples' vehicle because Staples was turning from a trafficway onto a roadway and the statute prohibiting turns without a turn signal applies only to roadways.[3] Trial Court

---

[2] At the February 19, 2015 hearing, the Commonwealth stated that at a December listing, it had submitted the preliminary hearing notes of testimony in support of its opposition to the motion. N.T., 2/19/15, at 3. At the February 19th hearing, the court heard additional testimony.

[3] The trial court held a suppression hearing on February 19, 2015. It did not issue its order granting the motion until May 31, 2017. There is no reason for the delay provided, and the docket shows no activity between February 2015 and May 31, 2017. Further, the Commonwealth filed its Statement of Errors Complained of on Appeal on July 6, 2017. The trial court did not issue its

Opinion, filed 5/31/17, at 5. The Commonwealth filed a timely notice of appeal.[4]

The Commonwealth raises the following issue:

> The defendant turned from a shopping center driveway onto a public roadway without using a turn signal. A statute prohibits turning a vehicle on a roadway without signaling. Did the police officer have probable cause to believe that the defendant had violated the Vehicle Code?

Commonwealth's Br. at 2.

We apply the following standard of review to orders granting motions to suppress:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

**Commonwealth v. Newsome**, 170 A.3d 1151, 1153-54 (Pa.Super. 2017) (quoting **Commonwealth v. Korn**, 139 A.3d 249, 253-54 (Pa.Super. 2016)). We therefore apply a *de novo* review over the suppression court's legal conclusions. **Id.** at 1154(quoting **Korn**, 139 A.3d at 253).

---

opinion under Pennsylvania Rule of Appellate Procedure 1925(a) until over a year later, on August 8, 2018. We remind the trial court that it should act in a timely manner when ruling on motions and issuing opinions.

[4] The Commonwealth certified that the order will terminate or substantially handicap the prosecution. **See** Pa.R.A.P. 311(d); Notice of Appeal, filed June 5, 2017.

Where a traffic stop is "based on the observed violation of the Vehicle Code or [an] otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." **Commonwealth v. Harris**, 176 A.3d 1009, 1019 (Pa.Super. 2017) (citing **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa.Super. 2010) (*en banc*)). A police officer "has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." **Id.** (citing **Commonwealth v. Chase**, 599 Pa. 80, 960 A.2d 108 (2008)).

Here, the traffic stop was based on a failure to use a turn signal prior to turning and, therefore, the officer needed probable cause to effectuate the stop. **Commonwealth v. Brown**, 64 A.3d 1101, 1105 (Pa.Super. 2013) (finding probable cause needed where driver stopped for failing to use turn signal).

The trial court interpreted the Vehicle Code, and determined the police officer lacked probable cause to stop the vehicle because Staples' failure to use a turn signal did not violate the Code.

When interpreting a statute, we apply the principles set forth in the Statutory Construction Act, including the "maxim that the object of statutory construction is to ascertain and effectuate legislative intent." **Commonwealth v. Shiffler**, 879 A.2d 185, 189 (Pa. 2005) (citing 1 Pa.C.S.A. § 1921(a)). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Further, "[a]s a general rule, the

best indication of legislative intent is the plain language of a statute." ***Shiffler***, 879 A.2d at 189. "In reading the plain language, '[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,' while any words or phrases that have acquired a 'peculiar and appropriate meaning' must be construed according to that meaning." ***Id.*** (quoting 1 Pa.C.S.A. § 1903(a)).

The Vehicle Code contains the following relevant definitions:

> **"Highway."** The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.
>
> . . .
>
> **"Roadway."** That portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the sidewalk, berm or shoulder even though such sidewalk, berm or shoulder is used by pedalcycles. In the event a highway includes two or more separate roadways the term "roadway" refers to each roadway separately but not to all such roadways collectively.
>
> . . .
>
> **"Trafficway."** The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S.A. § 102.

Further, the Code provides that the provisions relating to the operation of vehicles apply to "highways" unless otherwise stated:

**(a) General rule.--**Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision.

**(b) Serious traffic offenses.--**The provisions of section 3345 (relating to meeting or overtaking school bus), Subchapter B of Chapter 37 (relating to serious traffic offenses) and Chapter 38 (relating to driving after imbibing alcohol or utilizing drugs) shall apply upon highways and trafficways throughout this Commonwealth.

75 Pa.C.S.A. § 3101.

The provision of the Vehicle Code that formed the basis of the stop at issue provides:

Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

75 Pa.C.S.A. § 3334(a).

Here, the parties and the trial court agree that Staples was turning from a parking lot, which is a trafficway under the statute, onto MacDade Boulevard, which is a roadway. We agree. **See Commonwealth v. Proctor**, 625 A.2d 1221, 1224 (Pa.Super. 1993) (finding evidence established mall parking lot was trafficway in matter involving DUI conviction); **See Commonwealth v. Cozzone**, 593 A.2d 860, 864 (Pa.Super. 1991) (finding condominium parking lot is trafficway).

The trial court found that because Staples was on a trafficway before he began his turn, Section 3334(a) did not apply, and the officer lacked probable cause to stop his vehicle. We agree.

- 6 -

Section 3334(a) provides that "[u]pon a roadway no person shall turn a vehicle . . . unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section." 75 Pa.C.S.A. § 3334(a). Under the plain meaning of this statute, the requirement of the use of a turn signal applies only where a car is "upon a roadway" when starting the turn. Here, because Staples was on a trafficway when he started his turn, he did not violate Section 3334(a). Accordingly, the trial court did not err in finding the police officer lacked probable cause.

In a one-paragraph footnote, the Commonwealth claims that, even if the failure to use a turn signal did not violate the statute, the court still erred in granting the motion to suppress because the police officer's mistake of law was reasonable. Commonwealth's Br. at 10 n.3. The Commonwealth cites ***Heien v. North Carolina***, ___ U.S. ___, 135 S.Ct. 530, 535, 536 (2014), for this proposition, but provides no analysis as to its application to this case. Further, although the Commonwealth raised this issue before the trial court, the court concluded the Commonwealth "failed to offer any evidence during the suppression hearing . . . that the Officer's subjective mistake was either objectively reasonable or excusable on that basis." Trail Court Op., filed August 8, 2018, at 11. The trial court did not err in this conclusion.

In addition, as the law at issue here is not ambiguous, **Heien** would have no application.[5] **See Heien**, 135 S.Ct. at 540 (finding it would have been reasonable to interpret statute regulating brake lights, which had ambiguous language, required two working brake lights); **United States v. Stanbridge**, 813 F.3d 1032, 1037 (7th Cir. 2016) ("**Heien** does not support the proposition that a police officer acts in an objectively reasonable manner by misinterpreting an *unambiguous* statute.").

Because, under the plain meaning of the statute, Staples' failure to utilize a turn signal did not violate Section 3334, we are constrained to conclude the trial court did not err in granting Staples' motion to suppress.[6]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/19

---

[5] Further, the applicable standard in **Heien** was whether an officer had reasonable suspicion to commence a stop, not whether he or she had probable cause, and Pennsylvania courts have not yet determined whether the Pennsylvania Constitution would provide greater protection than the United States Constitution regarding mistakes of law.

[6] We, however, urge the legislature to review this statute. This was a heavily-trafficked area and a large intersection, with numerous lanes of travel. The legislature should consider whether, as a matter of public safety, use of a turn signal should be required.